**IT IS ORDERED as set forth below:**

**Date: September 30, 2026**

Susan D. Barrett

United States Bankruptcy Judge
Southern District of Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE:<br><br>SARA JANE SNIDE and<br>JONATHEN DUANE SNIDE,<br>Debtors. | ) | Chapter 7 Case<br>Number 25-10697 |
| OSBORN FINANCIAL GROUP, LLC,<br>Plaintiff.<br><br>v.<br><br>SARA JANE SNIDE and<br>JONATHEN DUANE SNIDE,<br>Defendants. | ) | Adversary Proceeding<br>Number 26-01008 |

**OPINION AND ORDER**

Before the Court are a Motion to Dismiss Adversary Complaint as Untimely ("Motion to Dismiss") filed by defendants Sara Jane Snide and Jonathen Duane Snide (collectively, "Debtors" or

"Snides") and a Response in Opposition ("Response") filed by plaintiff Osborn Financial Group, LLC ("Osborn").[1] Dckt. Nos. 6, 11. Also before the Court is Osborn's Motion for Relief and to Extend Deadline ("Motion to Extend"). Dckt. No. 12. These are core proceedings pursuant to 28 U.S.C. §157(b)(2)(G), (b)(2)(I), and (b)(2)(J). For the following reasons, Debtors' Motion to Dismiss is GRANTED, and Osborn's Motion to Extend is DENIED.

## FINDINGS OF FACT

The following facts are undisputed:

1. Debtors filed their chapter 7 bankruptcy petition on September 29, 2025. Underlying Case No. 25-10697 ("Underlying Case"), Dckt. No. 1.

2. On October 1, 2025, the Official Form 309A Notice of Chapter 7 Bankruptcy Case ("Official Case Notice") was issued, which set October 29, 2025 as the first date for the §341[2] meeting of creditors. Underlying Case, Dckt. No. 6.

3. The Official Case Notice also set December 29, 2025 as the deadline under Federal Rule of Bankruptcy Procedure 4007(c)[3] ("Rule 4007(c) December Deadline") for parties to object to the dischargeability of debts. Id. at 2 ¶ 9 ("**Deadlines** . . . [i]f you want to have a debt excepted from discharge under 11 U.S.C. §523(a)(2), (4), or (6)[,]" then "**[y]ou must file a complaint**" by the "**Filing Deadline: 12/29/2025**.") (emphasis in original); see also Fed. R. Bankr. P. 4007(c).

---

[1] Osborn and the Snides filed an Amended Joint Motion to Cancel Hearing and for Decision on the Record, in which the parties waived oral argument and requested the Court decide the Motion to Dismiss on the existing record. Dckt. No. 22.

[2] Unless otherwise specified, all statutory references are to Title 11 of the United States Code.

[3] Unless otherwise specified, "Rule" refers to the Federal Rules of Bankruptcy Procedure.

4. The Bankruptcy Noticing Center ("BNC") filed a certificate of service showing the Official Case Notice was electronically served on Osborn on October 1, 2025. Underlying Case, Dckt. No. 7, at 2.

5. On December 11, 2025, Augusta Mit, LLC, d/b/a Augusta Mitsubishi ("Augusta Mitsubishi") filed a motion ("Augusta Mitsubishi Motion") to "[e]xtend the bar date for . . . Augusta Mitsubishi to file a [c]omplaint objecting to discharge and/or dischargeability pursuant to 11 U.S.C. §§523 and/or 727 through and including . . . March 30, 2026." Underlying Case, Dckt. No. 15, at 2.

6. The Court entered a consent order ("Consent Order") extending "the bar date for . . . Augusta Mitsubishi to file a complaint objecting to the discharge and/or dischargeability of any debt due to it pursuant to 11 U.S.C. §§523 and/or 727 . . . through and including to March 30, 2026." Underlying Case, Dckt. No. 18, at 2.

7. The Consent Order was signed by counsel for Augusta Mitsubishi, Debtors, and the chapter 7 trustee. Id.

8. Osborn was not a party to the Augusta Mitsubishi Motion or the Consent Order. Id.

9. The docket text describing the Consent Order on the docket report ("Docket Report") for the Underlying Case in the Case Management/Electronic Case Files system ("CM/ECF") provides:

| | | |
|---|---|---|
| 12/17/2025 | 18<br>(2 pgs) | Consent Order Granting Motion Extending Deadline for 523-727 Complaints (Related Doc # 15) Filed on 12/17/2025. Last day to oppose discharge or dischargeability is 3/30/2026. (AKG) (Entered 12/17/2025) |

Docket Report, Underlying Case (Bankr. S.D. Ga. Sept. 29, 2025) (accessed Sept. 28, 2026), Dckt. No. 18; see also Dckt. No. 11-3, at 3; Dckt. No. 12-3, at 3. (The underlined numbers are in the original docket entry and are hyperlinks to the actual Augusta Mitsubishi Motion (#15) and the Consent Order (#18).)

10. BNC filed a certificate of service showing the Consent Order was electronically served on Osborn on December 17, 2025. Underlying Case, Dckt. No. 20, at 2.

11. At some point after the entry of the Consent Order on the docket, the deadline reflected on the upper right corner on the Docket Report of the Underlying Case was changed to read:

*Deadline for objecting to discharge:* 03/30/2026

Docket Report, Underlying Case (Bankr. S.D. Ga. Sept. 29, 2025) (accessed Sept. 28, 2026); see also Dckt. No. 11-3, at 1; Dckt. No. 12-3, at 1.

12. As to the issues before the Court, the Deadline/Hearings report in the Underlying Case ("Deadlines Report"), generated within CM/ECF shows:

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 16 | **Order Due** | 12/12/2025 | 12/19/2025 | | 12/12/2025 |
| 6 | **Objection to Discharge Due** | 10/01/2025 | 12/29/2025 | | 12/17/2025 |
| 18 | 14 day appeal time | 12/17/2025 | 12/31/2025 | | 01/16/2025 |
| 25 | **Response Due (Deficiency)** | 01/15/2026 | 01/22/2026 | | 01/16/2026 |
| 27 | 14 day appeal time | 01/23/2026 | 02/06/2026 | | 02/25/2026 |
| 30 | **Response Due (Deficiency)** | 02/05/2026 | 02/12/2026 | | 02/25/2026 |
| 18 | **Objection to Discharge Due** | 12/17/2025 | 03/30/2026 | | |

Deadlines Report, Underlying Case (Bankr. S.D. Ga. Sept. 29, 2025) (accessed Sept. 18, 2026);[4] see also Dckt. No. 11-2; Dckt. No. 12-2. (The underlined numbers are in the original entries and are hyperlinks to the original documents: the Official Case Notice (#6) and the Consent Order (#18).)

[4] This report is accessible from the "Deadlines/Schedules" link under the "Query" tab on CM/ECF after inputting the case number. The report also includes unrelated information that has been omitted here. Deadline Report, Underlying Case (Bankr. S.D. Ga. Sept. 29, 2025) (accessed Sept. 18, 2026).

13. On March 30, 2026,[5] Osborn filed an adversary complaint ("Complaint") to have its claims against Debtors excepted from discharge pursuant to §523(a)(2)(A) and §523(a)(4). Dckt. No. 1.

14. On April 20, 2026, the Snides filed the Motion to Dismiss the Complaint. Dckt. No. 6.

15. On May 4, 2026, Osborn filed the Response and the Motion to Extend, stating it relied upon the Court's docket representations of the March 30, 2026 deadline and therefore the Complaint should not be dismissed as untimely. Dckt. No. 11, at 2–3; Dckt. No. 12, at 2–3; see also Dckt. No. 11-1; Dckt. No. 12-1.

## CONCLUSIONS OF LAW

The Snides filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[6] asserting the Complaint is untimely because it was filed after the Rule 4007(c) December Deadline. Dckt. No. 6, at 4. Osborn filed the Complaint and Motion to Extend after the Rule 4007(c) December Deadline but argues it reasonably relied upon the Court's docket representations and therefore dismissal would violate fundamental due process and equity principles. Dckt. No. 11, at 2–3. Osborn moves for an extension of the Rule 4007(c) December Deadline on the same grounds. Dckt. No. 12, at 2–3. For the following reasons, the Court grants the Motion to Dismiss and denies Osborn's Motion to Extend.

[5] Osborn acknowledges it initially filed the complaint in the Underlying Case as a counterclaim rather than filing it as a complaint in an adversary proceeding. Dckt. No. 11, at 2 n.1; see also Underlying Case, Dckt. No. 33. On April 3, 2026, Osborn properly filed the adversary. See Dckt. No. 1; see also Underlying Case, Dckt. No. 34. The Snides do not raise this as an issue, and the Eleventh Circuit has disagreed with assertions that a complaint is untimely when it is merely filed in the main bankruptcy case rather than as an adversary. See Beem v. Ferguson, 713 F. App'x 974, 981 (11th Cir. 2018).

[6] Federal Rule of Civil Procedure 12(b)(6) applies to adversary proceedings under Rule 7012(b).

**Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed where it appears the alleged facts fail to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In ruling on a 12(b)(6) motion, the [c]ourt accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 1380 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A court may use its judicial experience and common sense when determining whether a complaint states a claim for relief. Iqbal, 556 U.S. at 679.

**Deadline to Object to Dischargeability.**

Rule 4007(c) provides:

> [A] complaint to determine whether a debt is dischargeable under §523(c)[7] must be filed within 60 days after the first date set for the §341(a) meeting of creditors. The clerk must give all creditors at least 30 days' notice of the time to file in the manner provided by Rule 2002. On a party in interest's motion filed before the time expires, the court may, after notice and a hearing and for cause, extend the time to file.

Fed. R. Bankr. P. 4007(c) (emphasis added). Rule 2002(f)(1)(F) provides in relevant part that "the clerk . . . must give . . . creditors . . . notice by mail of . . . the time to file a complaint to determine

---

[7] Section 523(c) provides in relevant part:

> Except as provided in subsection (a)(3)(B) of this section [not raised as an issue in this case], the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

§523(c)(1).

whether a debt is dischargeable under §523 as Rule 4007 provides[.]" Fed. R. Bankr. P. 2002(f)(1)(F). Osborn consented to receive electronic service through the BNC. See Fed. R. Bankr. P. 9036(b)(2) ("[T]he clerk may send notice or serve a document by electronic means that the recipient consented to in writing[.]"); see, e.g., Underlying Case, Dckt. No. 7, at 2.

Rule 4007(c) allows extension of the deadline only for cause and only if a party in interest files a motion to extend with the court before the original deadline expires. Fed. R. Bankr. P. 4007(c). Rule 9006(b)(3)(A) permits extension of the time to act under Rule 4007(c)—but only as permitted by Rule 4007(c), which requires the motion be filed before the time expires. Fed. R. Bankr. P. 9006(b)(3)(A); see also Fed. R. Bankr. P. 4007(c). Rule "4007 [is] mandatory and do[es] not allow the court any discretion to grant a late-filed motion to extend the time to file an objection to discharge." Gastwirth v. IOU Central, Inc. (In re Gastwirth), No. 19-20309, 2020 WL 7090075, at *3 (Bankr. S.D. Ga. Sept. 30, 2020) (citation omitted); see also Byrd v. Alton (In re Alton), 837 F.2d 457, 459 (11th Cir. 1988) ("The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made before the running of that period.") (footnotes omitted) (emphasis in original).

The Eleventh Circuit has expressly ruled that courts may not equitably toll Rule 4007(c)'s deadline. TL90108 LLC v. Ford, 147 F.4th 1351, 1354 (11th Cir. 2025) (expressly holding "Rule 4007(c)'s deadline may not be tolled based on equitable considerations."); see also Alton, 837 F.2d at 458 ("[W]e reject [creditor]'s equities argument."). Nevertheless, the Eleventh Circuit recognizes that due process considerations may be a basis for extending the Rule 4007(c) deadline. See Ford, 147 F.4th at 1361–62 (citing Alton, 837 F.2d at 460–61 n.4).

In this case, Osborn filed the Complaint and the Motion to Extend after the Rule 4007(c) December Deadline expired but argues it reasonably relied upon the Court's docket when it concluded

the Rule 4007(c) deadline had been extended for all parties and that due process considerations merit an extension of the deadline. Dckt. No. 11, at 2–3; Dckt. No. 12, at 2–3. Osborn argues courts recognize fundamental due process exceptions to Rule 4007(c)'s strict application where "the Court sends conflicting notices, or . . . the creditor reasonably relies on erroneous court information" and that such an exception should be granted here. Dckt. No. 11, at 2–3; Dckt. No. 12, at 2–3. After consideration, the Court disagrees.

First, Osborn received actual written notice of the Rule 4007(c) December Deadline via the Official Case Notice on October 1, 2025 well in advance of the deadline's expiration. See Dckt. No. 6, at 2; Dckt. No. 7, at 2. The Official Case Notice was duly served at the commencement of bankruptcy in accordance with Rules 2002(f)(1)(F), 4007(c), and 9036, and it properly set the Rule 4007(c) December Deadline 60 days after the first date set for the §341 meeting. See Fed. R. Bankr. P. 2002(f)(1)(F), 4007(c), 9036(a)–(b).

This actual notice imposes a duty-to-inquire on Osborn. Ford, 147 F.4th at 1362 ("We concluded in Alton that 'the language of 11 U.S.C. § 523 . . . makes actual notice [of the bankruptcy case] sufficient to impose a duty-to-inquire on the creditor.'") (citing Alton, 837 F.2d at 460). Had Osborn inquired, it would have understood the Rule 4007(c) December Deadline applied to it. The Augusta Mitsubishi Motion was filed by Augusta Mitsubishi, not Osborn. Osborn also received notice of the Consent Order, and the language in the Consent Order clearly only extends the deadline for Augusta Mitsubishi. See Dckt. No. 18, at 2 ("ORDERED that the bar date for . . . Augusta Mitsubishi to file a complaint object to the discharge and/or dischargeability of any debt due to it pursuant to 11 U.S.C. §§523 and/or 727 is, and the same shall be, extended through and including March 30, 2026."); Dckt. No. 20, at 2 (showing service upon Osborn). "A consent order is a court decree that all parties agree to. A consent order has many attributes of an ordinary contract and therefore should be construed

as a contract" among the parties. Green Tree Servicing, LLC v. Simpson (In re Simpson), No. 03-51838, 2008 WL 7375850, at *1 (Bankr. S.D. Ga. May 9, 2008); see also Marshall v. Demos (In re Demos), 57 F.3d 1037, 1039 (11th Cir. 1995) ("[T]he reliance of a party on an order must be reasonable. A party may not rely on an order that clearly has nothing to do with him."). Osborn knew it was not a party to the Consent Order and had no reason to think the Consent Order applied to it. Further, the docket entry/text includes hyperlinks to the actual Augusta Mitsubishi Motion and the Consent Order. The docket entry text simply and accurately describes the documents referenced and hyperlinked therein. Similarly, the Deadlines Report that Osborn sought out also includes hyperlinks to the Official Case Notice (#6) setting the Rule 4007(c) December Deadline and the Consent Order (#18) extending the deadline only as to Augusta Mitsubishi. "[I]t is the responsibility of every [party] to read the substance of each order received from the [C]ourt." See In re Champion, 600 B.R. 459, 469 (Bankr. S.D. Ga. 2019) (quoting Two-Way Media LLC v. AT&T, Inc., 782 F.3d 1311, 1315 (Fed. Cir. 2015)), aff'd, Champion v. Morris Bank, No. 3:19-cv-00029-DHB, Dckt. Nos. 14–15 (S.D. Ga. Aug. 12, 2019). In this case Osborn simply failed to read the substance of these items.

Furthermore, the Electronic Case Filing Rules for the Southern District of Georgia Bankruptcy Court provide "[t]he official court record shall be the electronic file maintained by the Court. The official record shall include, however, initiating documents and other conventional documents or exhibits filed in accordance with these Administrative Procedures." S.D. Ga. ECF L.R. 7. "When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court . . . ." S.D. Ga. ECF L.R. 3 (emphasis added); see also Fed. R. Bankr. P. 5003(a)(1)–(2) ("The clerk must keep a docket in each case and must enter on the docket each judgment, order, and activity" and "show the date of entry for each judgment or order."). Finally, under the Electronic Case Filing Rules, orders, without an attached document, may be issued as "text-only"

entries on the docket. S.D. Ga. ECF L.R. 4 (emphasis added). The Consent Order clearly was attached to the docket text entry; thus, in this case the docket text is not the official record and does not control over the actual order signed and issued by this Court. See 777 Partners LLC v. Pagnanelli, No. 20-20172-CIV, 2022 WL 4594122, at *1 (S.D. Fla. Apr. 5, 2022) (same).

Even if the CM/ECF reports and docket text are part of the official record, Osborn received the Official Case Notice that the Rule 4007(c) deadline was December 29, 2026 and notice of the Consent Order extending the deadline only for Augusta Mitsubishi. As to the other items Osborn points to:

> Plaintiff[] did not actually receive "notice" of the incorrect bar date. The wrong information sits quietly at the top of the docket. The Plaintiff[] received no order from the Court or form from the clerk's office telling [it] that the bar date was changed. They did not call the clerk's office . . . . A review of the individual docket entries and orders reveals no updates to the [Rule 4007(c)] deadline. Rather, the Plaintiff[] glanced at the top heading of the docket [and failed to review any of the underlying documents hyperlinked to corresponding entries and] at some point, ignoring all other notices and legal parameters described above, . . . apparently independently concluded that the more favorable—though inaccurate—information was correct. The fact that the Plaintiff[] w[as] not notified of the incorrect deadline both distinguishes this case from the line of cases which allow an extension of the bar date, e.g., In re Anwiler, 958 F.2d at 929, and belies the argument that [it] w[as] affirmatively and unfairly misled.

Legal Access Plans, LLC v. Millinghausen (In re Millinghausen), 669 B.R. 580, 588 (Bankr. E.D. Pa. 2025); see also In re Gastwirth, 2020 WL 7090075, at *4 (finding if creditor had clicked on the document supplementing the docket tagline, it would have seen the extension order did not extend the deadline for all parties). While a harsh result, the Court does not find any conflicting notices have been issued by the clerk's office or any reliance by Osborn on docket entries/reports to be reasonable; nor does the Court find an extension is merited by due process considerations.

Osborn cites cases outside of the Eleventh Circuit where courts extended the Rule 4007(c) deadline after its expiration to correct erroneous notices from the clerk's office. Dckt. No. 11, at 2–3; Dckt. No. 12, at 2–3; see also Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 630–32 (6th Cir. 1994); Themy v. Yu (In re Themy), 6 F.3d 688, 689 (10th Cir. 1993); Anwiler v. Patchett (In re

Anwiler), 958 F.2d 925, 926 (9th Cir. 1992); Oak Hollow S. Assocs. v. Cortes (In re Cortes), 125 B.R. 418, 419 (E.D. Pa. 1991); Ohio Farmers Ins. Co. v. Leet (In re Leet), 274 B.R. 695, 696, 700–701 (B.A.P. 6th Cir. 2002).

In Isaacman, the creditor untimely filed a §523 complaint after the clerk's office issued a second official notice erroneously containing a later deadline than that set by the original notice and subsequently advised the attorney that a new date had been set. In re Isaacman, 26 F.3d at 630–32. In Themy, the creditor untimely filed a §523 complaint after the clerk's office mailed a second official notice, continuing the §341 meeting and erroneously setting a new Rule 4007(c) bar date. In re Themy, 6 F.3d at 689. Similarly, in Anwiler the creditor untimely filed a §523 complaint after the clerk's office mailed an erroneous official notice containing a later bar deadline. In re Anwiler, 958 F.2d at 926. In Cortes, the creditor untimely filed a §523 complaint after the clerk's office sent a second official notice erroneously including a later Rule 4007(c) deadline. In re Cortes, 125 B.R. at 419. In Leet, the Bankruptcy Appellate Panel for the Sixth Circuit held the bankruptcy court "should have enforced Rule 4007(c) according to its letter" even when the §523 deadline was missed because of a postal service delivery delay. In re Leet, 274 B.R. at 696, 700–701. Each of the cases cited by Osborn as granting extensions involved the clerk's office sending a new official notice setting a new/later bar date and reasonable reliance on the same by the recipient. Unlike those cases, the clerk's office in this case did not affirmatively send an erroneous notice of the Rule 4007(c) deadline, and any reliance by Osborn on other docket entries/reports is not reasonable. Given these facts, the Court finds neither due process nor equitable principles merit an extension.

For the foregoing reasons, Osborn's Motion to Extend is ORDERED DENIED, and Debtors' Motion to Dismiss is ORDERED GRANTED.

**[END OF DOCUMENT]**